# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| KBENT. LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1061-S |
| | § | |
| FIRST CO. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant First Co.'s Unopposed Renewed Motion for Leave to File Under Seal ("Motion to Seal") [ECF No. 28]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS IN PART and DENIES IN PART** the Motion to Seal.

### I. BACKGROUND

The parties stipulated to the dismissal of this lawsuit. *See* ECF No. 23. After the dismissal, Defendant filed its Motion for Attorney's Fees Under 35 U.S.C. § 285 and 28 U.S.C. § 1927 [ECF No. 25]. Defendant requested leave to file Exhibits 14 through 21 under seal in their entirety. Def.'s Unopposed Mot. for Leave to File Under Seal ("Initial Motion to Seal") [ECF No. 26]. The Court denied the Initial Motion to Seal for failing to comply with Fifth Circuit law. Order [ECF No. 27] (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022)). Defendant then filed the Motion to Seal.

### II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a

document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

Defendant now seeks leave to file Exhibit 14 under seal and seeks leave to file Exhibits 15 through 21 in redacted format. Mot. to Seal 1. Exhibit 14 contains "confidential technical information." *Id.* at 2. Exhibits 15 through 21 are redacted attorney billing records that allegedly contain "privileged information concerning attorney-client communications and reflecting attorney strategy." *Id.*

The Court concludes that it is proper to seal Exhibit 14. According to Defendant, Exhibit 14 contains trade secrets. *Id.* Protecting trade secrets is a "good reason[] to file documents. . . under seal." *Binh Hoa Le*, 990 F.3d at 419. Further, Defendant contends that "this technical information could be used by competitors to replicate [Defendant's] product and gain a market advantage." Mot. to Seal 2. Specific allegations regarding competitive harm, like the allegations set forth by Defendant here, support sealing. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

The Court further finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information contained in Exhibit 14. Exhibit 14 contains trade secrets and other confidential information, and Defendant has explained why disclosing such information would cause it competitive harm. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.*,

2

No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public). And the exhibit being sealed does not appear to be essential to deciding the merits of the Motion for Attorney's Fees. *See MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) (allowing redaction of information that did not "provide 'the basis for summary judgment' but simply support[ed] [the defendant's] arguments." (citation omitted)). As such, the Court will seal Exhibit 14.

The Court reaches a different conclusion with respect to Exhibits 15 through 21. These exhibits are so heavily redacted as to render them essentially meaningless. "Redaction of billing records is acceptable so long as the court has sufficient information to form an opinion on the reasonableness of the fees." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009) (citation omitted). Here, the redactions are so extensive as to deprive the Court of its ability to form an opinion. Many entries look like these examples: "[c]ollect and review [REDACTED]," "[p]repare and analyze [REDACTED]," and "[a]nalysis of [REDACTED]." *See* ECF No. 28-2 at 135. And Defendant has not put forth sufficient interests favoring nondisclosure to outweigh the public's common law right of access. The Court does not accept the unsubstantiated argument that nearly all of the substantive information in the billing records is privileged. Mot. to Seal 2-3. And these billing records are essential to deciding the merits of the Motion for Attorney's Fees.

The Court understands counsel's desire and duty to protect privileged information, but the redactions proposed by Defendant are grossly overbroad. If Defendant intends to seek its attorney's fees, it must provide billing information sufficient to support that request.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Unopposed Renewed Motion for Leave to File Under Seal [ECF No. 28]. The Court **GRANTS** the Motion as to Exhibit 14 and **DIRECTS** Defendant to file Exhibit 14 under seal. With respect to Exhibits 15 through 21, the Court **DENIES** the Motion without prejudice to refiling after Defendant reexamines its redactions.

**SO ORDERED.**

SIGNED February 28, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**