# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KBENT. LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-1061-S |
| | § | |
| FIRST CO. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant First Co.'s Unopposed Renewed Motion for Leave to File Under Seal ("Motion to Seal") [ECF No. 32]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

### I. BACKGROUND

The parties stipulated to the dismissal of this lawsuit. *See* ECF No. 23. After the dismissal, Defendant filed its Motion for Attorney's Fees Under 35 U.S.C. § 285 and 28 U.S.C. § 1927 [ECF No. 25]. Defendant requested leave to file Exhibits 14 through 21 under seal in their entirety. Def.'s Unopposed Mot. for Leave to File Under Seal ("Initial Motion to Seal") [ECF No. 26]. The Court denied the Initial Motion to Seal for failing to comply with Fifth Circuit law. Order [ECF No. 27] (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022)). Defendant then filed its first Renewed Motion to Seal [ECF No. 28], which the Court denied with respect to Exhibits 15 through 21 because the redactions proposed by Defendant were overbroad. *See* Mem. Op. and Order [ECF No. 29] 3-4. Subsequently, Defendant filed the instant Motion to Seal.

### II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission

of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

Defendant again seeks leave to file Exhibits 15 through 21 in redacted format. Mot. to Seal 1. Exhibits 15 through 21 are redacted attorney billing records that contain "privileged information concerning attorney-client communications and reflecting attorney strategy." *Id.* at 2. Defendant reexamined and revised the proposed redactions. *Id.*

The Court concludes that filing Exhibits 15 through 21 in redacted form is appropriate. "Redaction of billing records is acceptable so long as the court has sufficient information to form an opinion on the reasonableness of the fees." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009) (citation omitted). Defendant's revised redactions appropriately balance the need to protect privileged information with the need for the Court to form an opinion. And redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information." *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (citation omitted). Further, because the redactions are narrowly tailored to protect only privileged information, the Court finds that the interests in support of nondisclosure outweigh the public's

common law right of access to the redacted information contained in Exhibits 15 through 21. *See United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) ("[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." (alteration in original) (citation omitted)).

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Unopposed Renewed Motion for Leave to File Under Seal [ECF No. 32]. The Court **DIRECTS** Defendant to file public versions of Exhibits 15 through 21 with the redactions proposed in connection with the Motion to Seal.

**SO ORDERED.**

SIGNED March 11, 2025.

                                                      **KAREN GREN SCHOLER**
                                                      **UNITED STATES DISTRICT JUDGE**